IN THE UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF ARKANSAS
                            FORT SMITH DIVISION


TERRI GODWIN                                                    PLAINTIFF

v.                          No. 2:08-CV-02143

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                        DEFENDANT

                     **MEMORANDUM OPINION AND ORDER**

    Currently before the Court are Plaintiff's Motion for Summary Judgement and supporting documents (Docs. 19-21) and Defendant's Response and supporting documents (Docs. 23-24).  Plaintiff Terri Godwin filed a Motion for Summary Judgment against Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), claiming she is entitled to insurance payments for damages resulting from a fire at Godwin's home. For the reasons reflected herein, Plaintiff's Motion for Summary Judgment (Doc 19) is DENIED.

**I. Standard of Review**

    In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those

facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

**II. Discussion**

It is undisputed that Terry Godwin owned a home in Mansfield, Arkansas which sustained fire damage on September 26, 2003. It is likewise undisputed that Godwin purchased a homeowners insurance policy through Nationwide, which was issued on September 24, 2003. The policy insured against fire and covered the period from September 10, 2003 until September 10, 2004. Thus, at the time Godwin's house sustained damage, it was covered against fire loss under the Nationwide policy. The policy, however, excludes coverage for any loss due to fire "resulting from an act committed by or at the direction of an insured that may reasonably be expected to result from such acts; or is the intended result from such acts." (Doc. 20-1, Doc. 24-1).

Nationwide contends that Godwin is not entitled to insurance payments because she intentionally caused the fire that damaged her home. Godwin claims that she did not intentionally cause the fire and is, therefore, entitled to payment from Nationwide. Nationwide, however, points to a number of facts that ultimately extinguish

Godwin's claim for summary judgment by raising an issue as to whether Godwin intentionally started the fire. First, the fire occurred only two days after Nationwide issued the homeowners' insurance policy to Godwin. Second, the certified fire investigator who inspected Godwin's house after the fire, Richard West, concluded that "human intervention was required for ignition." (Doc. 20-2, Doc. 24-5). West's report lists a number of factual issues that remain in dispute in regards to the cause of the fire. Nationwide also questions Godwin's credibility, arguing that there were discrepancies in her insurance application that came to light after the fire.

In viewing the evidence in the light most favorable to Nationwide, the Court finds that Nationwide has raised a genuine issue as to the material fact of whether or not Godwin intentionally caused the fire to her own home. This case is heavily fact-dependent - not dependent on the determination of a central legal issue that could be more readily decided by a court at the summary judgment stage. The determination of whether or not Godwin intentionally caused the fire should be made by a jury after benefitting from the ability to weigh the evidence presented by both sides at a trial.

## IV.  Conclusion

Plaintiff's Motion for Summary Judgment is hereby **DENIED**. Case remains set for a jury trial during the week of December 6, 2010.

IT IS SO ORDERED this 2nd day of November, 2010.

```
                                /s/ Robert T. Dawson
                                Robert T. Dawson
                                United States District Judge
```